**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 18, 2011

No. 11-10454
Summary Calendar

Lyle W. Cayce
Clerk

GERARDO ESQUIVEL-SOLIS,

Plaintiff - Appellant

v.

NEUCES COUNTY SHERIFF DETENTION; BROOKS DETENTION CENTER;
BEE COUNTY CORRECTIONAL CENTER; KARNES CITY CORRECTIONAL
CENTER; HERLONG FEDERAL INSTITUTION; OKLAHOMA DISTRIBUTOR
CENTER,

Defendants - Appellees

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 1:09-CV-29

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Gerardo Esquivel-Solis, federal prisoner # 65064-179, requests
authorization to proceed in forma pauperis (IFP) on appeal from the district
court's judgment partially dismissing his federal complaint with prejudice as
frivolous under 28 U.S.C. § 1915(e). He asserted that he requested medical care

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

for his hernia at the various facilities in which he was incarcerated but was provided only pain medication instead of surgery.

The district court concluded that, to the extent that the complaint raised claims under the Federal Tort Claims Act that were not barred by the applicable statute of limitations, those claims should be dismissed without prejudice. The district court further determined that, to the extent that the complaint alleged that the defendants were deliberately indifferent to Esquivel-Solis's serious medical needs by denying surgery to repair his hernia, those claims should be dismissed with prejudice as frivolous because Esquivel-Solis had not alleged a cognizable constitutional claim. The district court also ordered that any claim by Esquivel-Solis against prison officials in their individual capacities be dismissed with prejudice as frivolous because such claims were barred by sovereign immunity. The district court denied Esquivel-Solis's request for leave to proceed IFP on appeal, certifying that the appeal was not taken in good faith.

We construe Esquivel-Solis's motion to proceed IFP as a challenge to the district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3). Our inquiry into Esquivel-Solis's good faith "is limited to whether the appeal involves legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Esquivel-Solis asserts that he will raise a nonfrivolous issue on appeal with respect to his claim of deliberate indifference. However, he does not proffer any argument on this issue and specifically does not identify a legal or factual basis upon which the district court wrongly resolved the merits of his claims. Pro se briefs are afforded liberal construction. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Nevertheless, when an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed the decision. *Brinkmann v. Dall. Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

No. 11-10454

Because Esquivel-Solis has failed to challenge any factual or legal aspect of the district court's disposition of the claims raised in his complaint or the certification that his appeal is not taken in good faith, he has abandoned the critical issue of his appeal. *See id.* Thus, the appeal lacks arguable merit. *See Howard*, 707 F.2d at 220.

Accordingly, Esquivel-Solis's IFP motion is DENIED, and the appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2; *Baugh*, 117 F.3d at 202 n.24. The district court's dismissal of Esquivel-Solis's complaint and our dismissal of this appeal both count as strikes under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Esquivel-Solis is CAUTIONED that if he accumulates three strikes, he will not be allowed to proceed IFP in any civil action or appeal filed while he is detained or incarcerated in any facility unless he is under imminent danger of serious physical injury.